### W. M. GREEN & SON v. OWENS.
### (No. 1439.)

(Court of Civil Appeals of Texas. El Paso. March 8, 1923.)

**1. Compromise and settlement �köß22—Plea held sufficient as against general exception.**

In an action for money due plaintiff for hauling cotton for defendant, a plea by defendant that plaintiff had agreed for a sum of money paid by defendants, which was paid, to dismiss said suit, at which time defendants paid the agreed amount as a compromise and in full settlement of plaintiff's claim, though informal in some respects, *held* sufficient as against general exception.

**2. Pleading �køß228—Exception that plea states no defense not a special exception.**

In an action on contract to which defendants pleaded accord and satisfaction and compromise and settlement, an exception that the plea "sets up no defense," though designated a special exception, is general.

**3. Contracts ⊦køß28(3)—Evidence held to show agreed price for hauling.**

In an action on contract for money due plaintiffs for hauling cotton, evidence *held* to show an express agreement as to price per bale for such hauling.

Appeal from Jones County Court; E. S. Cummings, Judge.

Action by Oscar Owens against W. M. Green & Son. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Lon A. Brooks, of Anson, and R. E. Rodgers, of Hamlin, for appellants.

Stinson, Coombes & Brooks, of Abilene, for appellee.

---

⊦køßFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WALTHALL, J. Oscar Owens brought this suit against W. M. Green & Son, a firm composed of W. M. Green and W. W. Green, to recover the sum of $268 alleged to be due him for hauling and delivering 536 bales of cotton and for which he alleges W. M. Green & Son "then and there promised plaintiff to pay him the sum of fifty cents for the hauling of and delivering of each bale of cotton and agreed to pay him the sum of money charged therefor," stating the above amount, and that said amount was a reasonable and customary price for the service.

Green & Son answered by general denial and by plea of payment of the amount due, stating the items and dates of the several amounts paid, and that plaintiff refused to accept the amount then due.

Defendants further answered that later, and after this suit was filed and service had, defendants made the offer to plaintiffs "that he was still willing to pay him $125 (an amount previously offered), provided that plaintiff would dismiss the suit and not put defendant to the trouble and expense of going into court; that on this occasion after talking for some time with the plaintiff, plaintiff agreed to take the $125 and dismiss said suit; that at that time defendant W. M. Green did pay * * * to the plaintiff the sum of $125 as a compromise and in full settlement of plaintiff's claim." Defendants alleged the breach of the agreement to dismiss the suit and prayed that they be reimbursed for the amount paid. The court sustained an exception to the compromise settlement as above.

The case was tried with a jury, and on special issues submitted, the jury found that plaintiff delivered for defendants 536 bales of cotton at 50 cents per bale, and that defendants paid to plaintiff $125 due on account for delivering the cotton. In the judgment the court states that he finds from the undisputed testimony and upon the issues submitted and found by the jury that the plaintiff is entitled to recover of defendants the sum of $143, and so entered judgment.

## Opinion.

Appellants claim error, first, to the sustaining of an exception to their plea of compromise and settlement of appellee's claim in full by the payment of the $125; second, that suit was based upon an express contract to pay 50 cents per bale for the hauling and delivery of the cotton, and that the evidence wholly failed to show an express contract, and that by reason thereof the court should have given a peremptory instruction to the jury to find for appellants.

[1] On the first proposition we have concluded that the court was in error in sustaining the exception to appellants' plea of what might be called a plea of accord and satisfaction. Here it is shown that there was a controversy between the parties to the amount due appellee by the appellants. The claim is an unliquidated demand. It is alleged that one of the appellants approached appellee and made the offer that he was willing to pay appellee $125, provided appellee would dismiss the suit; that after talking the matter over appellee agreed to accept the offer, and the agreed amount was then paid to appellee as a compromise and in full settlement of the claim. True, there is no statement in the pleading in words that the $125 was accepted by appellee in satisfaction of the claim, and the plea is probably informal in other respects; but the facts pleaded are sufficient as against a general exception. If, as alleged in the plea, the parties fully talked the matter of their difference over, and came to an agreement as to what the appellee should receive for his claim then made specific and definite by his suit, and then agreed that appellants should pay a stated amount in discharge and satisfaction of it, there was accord, and if as alleged appellants then in fact paid to appellee the agreed amount there was satisfaction.

[2] The exception found in the record directed against the plea, though designated a special exception, is not a special exception, and states only that the plea "sets up no defense." The trial court by striking the plea refused to hear evidence as to the facts stated therein, but permitted the payment of the $125 to be shown, and admitted same as a credit payment on the claim. We think if the facts can be made to appear as stated in the plea, the plea is good in bar of the rest of the claim. For reasons stated, we think the court was in error in striking the plea.

[3] On the second proposition, that the evidence fails to establish an express contract, the evidence is lengthy and not fully developed on the issue presented. We think, however, it shows an express agreement to pay 50 cents per bale for the hauling and delivery of the cotton. Appellee was the only witness who testified on that issue. He said:

"They agreed to pay me 50 cents per bale for hauling the cotton; that was the agreement. Fifty cents a bale for everybody was customary at that time, and I handled most of the cotton at that time."

For the reason stated, the case is reversed and remanded.